(77 South. 348)

STONE, County Treasurer, v. STATE ex rel. CARLIN. (1 Div. 998.)

(Supreme Court of Alabama. Dec. 20, 1917.)

DISTRICT AND PROSECUTING ATTORNEYS ⬄ 3(1)—STENOGRAPHERS—STATUTES.

Loc. Acts 1903, p. 677, authorizes the solicitor of Mobile county to appoint a stenographer. Acts 1915, p. 817, providing for a circuit solicitor in each district, declares that if in any circuit composed of only one county there is no circuit solicitor, but there is a county solicitor who is elected at the general election in November, 1914, he shall be and become circuit solicitor of the circuit, on and after the first Monday after the second Tuesday in January, 1917, and shall hold office until the first Monday after the second Tuesday in January, 1919. Section 10 of the latter act declares that all general, local, or special laws establishing the office of county solicitor, or the office of solicitor of any court by whatsoever name called, except circuit solicitors, are repealed, but all provisions of such local act, or acts, etc., applicable to county solicitors, shall be applicable to circuit solicitors of the county where such local acts apply. *Held* that, though the act of 1915 provides for the appointment of official reporters by the judge of the several circuit courts, and authorizes the judge to direct such reporter to attend the grand jury in its investigations, it did not deprive an official stenographer appointed by the county solicitor of Mobile under the act of 1903, whose duty it was to attend the sessions of the grand jury, of the right to compensation, for though such stenographer was to render services in the grand jury room, the provisions for appointment cannot be treated as repealed by the act of 1915, as the official reporter obviously might be unable to attend all the sessions of the grand jury.

Appeal from Circuit Court, Mobile County; Norville R. Leigh, Jr., Judge.

Petition by the State, on the relation of Stephen Carlin, for a writ of mandamus against George E. Stone, as Treasurer of Mobile County. From a judgment issuing the writ, respondent appeals. Affirmed.

Gordon & Edington, of Mobile, for appellant. Clarke & Brown, of Mobile, for appellee.

THOMAS, J. This is a petition for mandamus to the county treasurer of Mobile to compel him to number and register a warrant drawn in favor of appellee as official stenographer for the solicitor of the Thirteenth judicial circuit.

The petition sets out the local law of 1903 authorizing the solicitor of Mobile county to appoint a stenographer (Loc. Acts 1903, p. 677), and also the general law of 1915 (Acts 1915, p. 817), providing for a circuit solicitor in each circuit, and further providing that:

"If in any circuit composed of only one county, there is no circuit solicitor residing at the time of the passage of this act, but there is a county solicitor or solicitor of a city court or law and equity court who was elected at the general election in November, 1914, he shall be and become the circuit solicitor of said circuit on and after the first Monday after the second Tuesday in January, 1917, and shall hold office until the first Monday after the second Tuesday in January, 1919."

That part of section 10 of said general act of 1915, repealing general, local, or special laws, is as follows:

"All general, local or special laws establishing the office of county solicitor or the office of solicitor of any court by whatsoever name called, except circuit solicitors, and all general, local or special laws in conflict with any of the provisions of this act are hereby expressly repealed; and all provisions of such local act or acts, as well as all of the provisions of all other local or special acts applicable to such county solicitor or solicitors of any court in such county, which are not in conflict herewith are hereby made applicable in all things to the circuit solicitor of the county where such local acts apply just as fully and to the same extent as they now apply to such county solicitor or the solicitor of any court in such county."

To the petition the respondent demurred, on the ground that there is no law authorizing the appointment of an official stenographer by the circuit solicitor. The court overruled the demurrer, and respondent, answering the petition, alleged the same legal grounds that had been theretofore presented by the demurrer. The court held the answer insufficient, and granted the prayer of the petition, awarding the peremptory writ; and from this ruling the appeal is taken.

Appellant's contention is that said general act providing for circuit solicitors abolished the office of solicitor of Mobile county, and that the powers conferred on such solicitor by said local act (Acts 1903, p. 677) consequently ceased to exist; that while this local act did provide for an official "stenographer for the solicitor of Mobile county, Alabama," the power it conferred on the solicitor to appoint an official stenographer ceased to exist, with the abolition of the office of solicitor of Mobile county and the displacement of the incumbent thereof as such official, notwithstanding the provision of the general act (of 1915) continuing in office the duly elected solicitor of Mobile county until the first Monday after the second Tuesday in January, 1919, and the several provisions of local laws applicable to county solicitors in said county which are not in conflict.

Appellee insists that in State v. Black, 74 South. 387, 391,[1] this court decided that section 10 of the general solicitors' act in question, while repealing existing local and special laws establishing offices of county solicitor, excepted the local laws as to county solicitors from repeal until January, 1919. That is to say, that as to county solicitors, it was competent for the Legislature, by exception or proviso, to suspend the operation

---

[1] 199 Ala. 321.

of the general act, or of any portion thereof, until a designated future date, and to continue in force all of the provisions of local and special acts "applicable" to such county solicitors.

Said local act of 1903 provided that the county solicitor should have the services of such stenographer in the grand jury room, after the stenographer has been duly sworn; and defined the duties of the stenographer so to be appointed by the solicitor. This local statute was so applicable, under the proviso contained in said section 10. Nor is the result affected by the provision in the act for the appointment of an official court reporter by each circuit judge, viz. that judges of the circuit court of this state were "authorized and directed to appoint a competent shorthand writer to perform the duties of official court reporter of their several circuits not otherwise provided with an official court reporter." Acts 1915, p. 859. The provision that such reporter appointed by the circuit judge, when directed by the presiding judge, shall attend the grand jury in its investigations, does not render inapplicable the provision for a stenographer for the solicitor of Mobile county. The primary duty of such court reporter is to attend and report trials, and to attend the grand jury only when directed by the presiding judge. In such counties as Mobile, very often sittings of the grand jury and trials of cases are being conducted at one and the same time; hence the not infrequent necessity for more than one stenographer. It cannot be said that the Legislature did not intend to provide for the conduct of the public business by such county solicitors, in a manner theretofore deemed to be necessary, until January, 1919.

The trial court did not err in granting the writ of mandamus on the petition and answer, and that judgment is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.